**Samuel Robert FINLEY Jr.,**
**Petitioner–Appellant,**

v.

**COMMISSIONER OF CORRECTION,**
**Respondent–Appellee.**

**No. 99–2168.**

United States Court of Appeals,
Second Circuit.

Nov. 8, 2001.

David E. Liebman, New York, NY, for appellant.

Jo Anne Sulik, Office of the Chief State's Attorney, Civil Litigation Bureau, Rocky Hill, CT, for appellee.

Present CARDAMONE, WINTER and SACK, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of February 26, 1999 be, and it hereby is, AFFIRMED.

The petitioner-appellant Samuel Robert Finley Jr. appeals from a judgment entered on February 22, 1999 in the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*), denying the petitioner's request for the issuance of a writ of habeas corpus. *See* 28 U.S.C. § 2254. Finley seeks to vacate his October 28, 1992 conviction for arson in the first degree as defined in Connecticut General Statutes § 53a–111(a)(1). In this court, he argues that the Connecticut Appellate Court committed constitutional error when it concluded that the prosecution had proven beyond a reasonable doubt one element of first degree arson, i.e., that the petitioner had "start[ed]" a fire within the meaning of Connecticut General Statutes § 53a–111(a)(1) at a moment when the building he was in was occupied or when he believed it was occupied. *See Connecticut v. Finley*, 644 A.2d 371, 34 Conn.App. 823 (1994).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), to obtain a writ of habeas corpus Finley must show that the state court's rejection of his claim

"was contrary to, or involved an unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Pursuant to this standard, we review the district court's denial of the writ of habeas corpus *de novo. See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir.2000). Hence, we must determine whether it was reasonable for the Appellate Court to have found that "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1]

The petitioner does not contest the following. One day after being fired by Claude Boutote ("Boutote"), he returned to Boutote's trailer with a container filled with kerosene. As Boutote and the petitioner argued, Finley punctured the can, spreading kerosene over the trailer and Boutote. When Boutote saw the petitioner move his arm in a downward motion to strike a match, he ran from the trailer without waiting to see the match catch fire. Outside the trailer, Boutote turned and saw the petitioner running close behind him and flames rising from the trailer.

Finley contends that for the purposes of the Connecticut first degree arson statute to "start[ ]" requires that a match ignite the kerosene. Because there is no proof that the kerosene caught fire while Boutote remained in the trailer, he argues that the prosecution failed to prove one element of the crime beyond a reasonable doubt. His assertion is belied by Connecticut case law. *See Connecticut v. Gaines*, 36 Conn. App. 453, 456, 651 A.2d 1297, 1298–99 (1994). *Gaines* cited *Webster's Third International Dictionary's* definition of "start" as "to begin an activity or under-

taking ... to bring into being: initiate, originate." *Gaines*, 36 Conn.App. at 458, 651 A.2d at 1299. One defendant in *Gaines* was found guilty of first degree arson after he spread gasoline around a restaurant and the gasoline spontaneously combusted without the defendant's intervention. Finley completed as much preparation for setting fire to a building as the defendant in *Gaines*. In striking a match, even if not the match that in fact lit the kerosene, Finley started to destroy Boutote's trailer by fire.

Further, as Finley concedes, a reasonable fact-finder could have concluded from the available circumstantial evidence that the match lit before Boutote exited. *Cf. Connecticut v. Ancona*, 256 Conn. 214, 222, 772 A.2d 571, 577 (2001); *Connecticut v. Newton*, 59 Conn.App. 507, 514, 757 A.2d 1140, 1146 (2000); *Connecticut v. Haggood*, 36 Conn.App. 753, 760, 653 A.2d 216, 220 (1995); *Connecticut v. Roderiguez*, 200 Conn. 685, 692–93, 513 A.2d 71, 75 (1986). Boutote's testimony that he saw flames immediately after he left the trailer and that he saw the petitioner flee the trailer very soon after him, suggest that the fire began while Boutote was still inside. From this circumstantial evidence, a reasonable jury could have found that the elements of first degree arson was satisfied.

Because the Appellate Court could reasonably have found that the prosecution's evidence was sufficient to convince a reasonable jury that the petitioner started the fire while the trailer was occupied or while he believed it to be occupied, we cannot find that AEDPA's rigorous standards for issuance of a writ of habeas corpus were met.

---

**1.** Although the Appellate Court applied the state law standard for the sufficiency of the evidence, it is sufficiently similar to the feder-

al constitutional standard to permit our review here. *Cf. Lindstadt v. Keane*, 239 F.3d 191, 198 (2d Cir.2001).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.